IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CARNEIL DAVIS,                          )
                                        )
            Petitioner,                 )
                                        )
v.                                      )          Case No. CIV-09-618-M
                                        )
THE OKLAHOMA PARDON-PAROLE              )
BOARD, *et al.*,                        )
                                        )
            Respondents.                )

## **REPORT AND RECOMMENDATION**

Mr. Carneil Davis seeks a writ of habeas corpus on two grounds involving:

- errors in his 1975 trial and

- due process and *ex post facto* violations through the application of an amended statute affecting reconsideration for parole.

The Respondents move for dismissal of all claims.  The Court should grant the motion to dismiss on the claims involving trial errors and due process violations with respect to the change in reconsideration for parole.  The Respondents' motion to dismiss is invalid on the *ex post facto* claim.  However, this claim should be summarily dismissed.[1]

---

[1]      In light of the suggested rulings, the Court need not address the Respondents' exhaustion argument.  *See Brown v. Shanks*, 185 F.3d 1122, 1125 (10th Cir. 1999) ("If a habeas petition contains both exhausted and unexhausted claims [the court] may . . . deny the unexhausted claim . . . ." (citation omitted)).

**Consideration of the Motion to Dismiss on the Claims Involving Trial Error**

In part, Mr. Davis alleges errors in his 1975 criminal trial. *See* Petition for Writ of Habeas Corpus at pp. 2-3, 8-13 (June 11, 2009) ("Petition"). The Petitioner names as respondents the Oklahoma Pardon and Parole Board and J.D. Daniels, Susan Loving, James Brown, Lynnell Harkins, Richard Dugger, and Clinton Johnson. *See id.* at p. 1. The Respondents correctly argue that they are not Mr. Davis' custodians and lack authority to remedy the alleged trial errors.

"The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian." *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) (citations omitted). Mr. Davis has not named his custodian or another official who could effect his release. Consequently, the Court should dismiss the present claims relating to trial errors. *See Crowley v. Graham*, 172 F.3d 62, 1999 WL 72123, Westlaw op. at 1 (10th Cir. Feb. 16, 1999) (unpublished op.) (concluding that a habeas petition was jurisdictionally defective for failure to name a custodial respondent).

Mr. Davis seeks permission to amend his petition to name the proper respondent. *See* Response to; Respondents['] Motion to Dismiss & Motion to Amend at p. 2 (Sept. 4, 2009). The Court should grant the request and allow the Petitioner to file an amended petition to name the proper respondent.[2]

---

[2]    Two potential impediments would remain if Mr. Davis cures this defect. First, the Western District might not provide a proper venue under 28 U.S.C. § 2241(d). Second, claims relating to trial error in 1975 may be time-barred under 28 U.S.C. § 2244(d). But even if venue is improper, the defect would not involve subject-matter jurisdiction. *See, e.g.*, *Moore v. Olson*, 368 F.3d 757,

## Consideration of the Motion to Dismiss on
## the Claims Relating to Parole Consideration

Mr. Davis alleges that when he was convicted in 1975, Oklahoma law entitled him to parole consideration once a year after his initial consideration. *See* Petition at p. 4. Since then, Oklahoma amended the law to allow the board to reconsider parole every three years for persons convicted of a violent crime. *See id.* at pp. 4-5; *see also* Okla. Stat. tit. 57 § 332.7(D)(1) (2004 supp.). According to Mr. Davis, this change in the law constitutes *ex post facto* and due process violations. Petition at pp. 14-20.

The Respondents urge dismissal of the due process and *ex post facto* claims based on the absence of a liberty interest in parole. The argument is valid for the due process claim and invalid for the *ex post facto* claim.

---

759-60 (7th Cir. 2004). And the possibility of tolling cannot be conclusively determined from the face of the petition. *See Kilgore v. Attorney General of the State of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008) ("A petition's untimeliness must either be pled by the government as an affirmative defense, or be clear from the face of the petition itself." (citations omitted)). As a result, Mr. Davis should have an opportunity to amend the petition.

As the Respondents assert, an inmate lacks a liberty interest in parole consideration.[3] Consequently, the Petitioner has no constitutionally protected interest in annual parole consideration,[4] and the absence is fatal to the due process claim.[5]

The same is not true of the *ex post facto* claim.  For this claim, the absence of a liberty or property interest is not fatal.[6]  Thus, the Respondents' argument for dismissal is invalid on the *ex post facto* claim.

<u>**Summary Dismissal of the *Ex Post Facto* Claim**</u>

The Respondents have not filed an answer to the petition.  Even in the absence of an answer, however, the Court should summarily dismiss the *ex post facto* claim because it is

---

[3]     *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").

[4]     *See Hunter v. Beck*, 244 Fed. Appx. 848, 853 (10th Cir. July 3, 2007) (unpublished op.) (rejecting a due process claim based on a lack of annual parole hearing dates under Okla. Stat. tit. 332.7(D)); *Koch v. Daniels*, 296 Fed. Appx. 621, 627-28 (10th Cir. Oct. 7, 2008) (unpublished op.) (same).

[5]     *See Boutwell v. Keating*, 399 F.3d 1203, 1211 (10th Cir. 2005) ("In order to establish a due process violation, Mr. Boutwell must first demonstrate that he has been deprived of a constitutionally-protected liberty or property interest." (citation omitted)).

[6]     *See Lee v. Governor of the State of New York*, 87 F.3d 55, 59 (2d Cir. 1996 ) ("As plaintiffs point out, even if they do not have a protected liberty interest they may still challenge the retroactive application of the new eligibility rules as a violation of the Ex Post Facto Clause." (citations omitted)); *Dominique v. Weld*, 73 F.3d 1156, 1162 n.9 (1st Cir. 1996) ("Plaintiff's ex post facto claim is not barred by our above ruling that he lacks a protected liberty interest."); *Jones v. Georgia State Board of Pardons & Paroles*, 59 F.3d 1145, 1149 n.6 (11th Cir. 1995) (stating that the absence of "a due process-protected liberty interest in parole does not by itself foreclose the instant ex post facto challenge" (citation omitted)); *see also Weaver v. Graham*, 450 U.S. 24, 29-30 (1981) (stating that "[t]he presence or absence of an affirmative, enforceable right is not relevant . . . to the *ex post facto* prohibition").

facially invalid.  *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[7]

Mr. Davis alleges that the statutory change "has increased the time [he] must spend in prison before he can again become eligible for parole."  Petition at p. 19.  But the Petitioner's allegation would not imply an *ex post facto* violation.

The *ex post facto* clause "is aimed at laws that 'retroactively alter the definition of crimes or increase the punishment for criminal acts.'"  *California Department of Corrections v. Morales*, 514 U.S. 499, 504-505 (1995) (citations omitted).  Thus, a law violates the constitutional clause only when the offender is disadvantaged by alteration of the definition of an offense or increase in the punishment.  *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997).

The change in state law does not constitute a facial violation of the *ex post facto* clause.  *See Henderson v. Scott*, 260 F.3d 1213, 1216 (10th Cir. 2001) ("When viewed within the whole context of Oklahoma's parole regulations, [Okla. Stat. tit. 57 § 332.7] does not facially increase the likelihood of punishment.").  The resulting question is whether application of the statute might involve an *ex post facto* violation as applied to Mr. Davis.  *See id.* at 1217-18.  The Court should answer in the negative.

---

[7]     The present action should arguably arise under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254.  *See Henderson v. Scott*, 260 F.3d 1213, 1214 (10th Cir. 2001) (stating that a habeas challenge to an Oklahoma law, decreasing the frequency of parole reconsideration dates, should probably be considered under Section 2241 rather than Section 2254).  Nonetheless, the Court enjoys discretion to apply the Rules Governing Section 2254 Cases in the United States District Courts.  *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

In *Henderson v. Scott*, an Oklahoma inmate sought federal habeas relief based on application of the 1998 amendment to his consideration for parole. *See id.* at 1214-15. The issue there was whether application of the amendment constituted an *ex post facto* violation. *See id.* at 1217-18. The court noted the petitioner's multiple convictions for kidnapping and first degree rape and the lengthy sentences imposed for both offenses. *See id.* at 1214. According to the appellate court, the petitioner "[had] not shown" sufficient change in circumstances "in light of his convictions and sentences to warrant an earlier parole consideration date." *Id.* at 1217; *see also California Department of Corrections v. Morales*, 514 U.S. 499, 514 (1995) (concluding that the petitioner had shown "only the most speculative and attenuated risk [that an amendment involving parole consideration dates had] increas[ed] the measure of punishment"). Consequently, the appellate court found only a "remote speculation to suggest that the application of the amended statute in [the inmate's] case [would] increase his punishment."[8]

*Henderson v. Scott* is controlling. Under this decision, Mr. Davis must demonstrate that delay of his parole consideration dates would result in a "significant risk of a longer period of incarceration." *Henderson v. Scott*, 260 F.3d at 1217. Mr. Davis has failed to present any allegations or evidence that would satisfy this burden.

---

[8] *Henderson v. Scott*, 260 F.3d at 1217; *see also Powell v. Ray*, 301 F.3d 1200, 1203-1204 (10th Cir. 2002) (upholding denial of habeas relief on an *ex post facto* claim because the petitioner could not show "more than a speculative risk" of an increase in the length of his incarceration from the State's elimination of the pre-parole supervised release program).

The Petitioner was convicted of second degree homicide and sentenced to ten years to life imprisonment. *See* Petition at pp. 2-3. In light of the gravity of the conviction and sentence, Mr. Davis' prospects for parole are remote and a change in his hearing dates would appear immaterial. Like the inmate in *Henderson*, Mr. Davis has not presented evidence of a sufficient change in circumstances[9] to warrant an earlier parole consideration date. *See Henderson v. Scott*, 260 F.3d at 1217. As in *Henderson*, the petitioner offers only a "remote speculation" to suggest an increase in punishment from the application of the 1998 amendment to Okla. Stat. tit. 57 § 332.7. The remoteness of this possibility precluded habeas relief in *Henderson*, and the same should be true here.

### Recommended Rulings

Mr. Davis has not identified his custodian as a party, and the Respondents lack authority to release the Petitioner should the Court find errors at trial. Consequently, the claims involving trial error should be dismissed without prejudice, and Mr. Davis should be granted leave to amend. The Court should grant the motion to dismiss on the due process claim and summarily dismiss the *ex post facto* claim with respect to delay in parole consideration.

---

[9] The Oklahoma Pardon and Parole Board enjoys discretion to provide an earlier reconsideration date upon a change in circumstances. *See* Okla. Stat. tit. 57 § 332.7(D) (2004 supp.) (directing a consideration date of every three years after denial or waiver of parole "[e]xcept as otherwise directed by the Pardon and Parole Board"); Okla. Pardon & Parole Board, Policy & Procedures Manual, Policy 004(I)(C)(1) (eff. Dec. 15, 2000) (stating that the Pardon and Parole Board may modify parole consideration dates based on "[r]eceipt of new information").

### Notice of the Right to Object

The parties may seek review by filing an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is November 30, 2009. *See* W.D. Okla. LCvR 72.1. The failure to timely object would foreclose appellate review of the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

### Status of the Referral

The referral is terminated.

Entered this 10th day of November, 2009.


Robert E. Bacharach
United States Magistrate Judge