# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARNEIL DAVIS, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. CIV-09-618-M ) |
| THE OKLAHOMA PARDON-PAROLE BOARD, *et al.*, | ) ) ) ) |
| Respondents. | ) |

## ORDER

On June 11, 2009 petitioner filing *pro se* filed this action pursuant to 28 U.S.C.§ 2254. On August 25, 2009, Respondent's Motion to Dismiss Petitioner's Petition for Writ of Habeas Corpus [docket no. 13] was filed. On November 10, 2009, United States Magistrate Judge Robert E. Bacharach issued a Report and Recommendation in this action. The Magistrate Judge recommended: (1) that petitioner's claims involving trial error should be dismissed without prejudice, (2) that petitioner be granted leave to amend and (3) that petitioner's due process claim and *ex post facto* claims be dismissed. Petitioner was advised of his right to object to the Report and Recommendation, and on December 23, 2009, petitioner filed his objection.

In his objection, petitioner references a request for evidentiary hearing. Upon review of petitioner's Petition for Writ of Habeas Corpus, he does not request an evidentiary hearing but does request a parole reconsideration hearing. This Court lacks the authority to order the Oklahoma Pardon and Parole Board to schedule a parole reconsideration hearing for petitioner. Oklahoma does not statutorily mandate the granting of parole. Okla. Stat. tit. 57, § 332.7(G). Because the Oklahoma state parole system does not create an expectation of liberty via parole, no particular process is mandated and the Parole Board may choose to handle its recommendation for parol as it

sees fit without violating due process. *Greenholtz v. Nebraska Penal & Correctional Complex,* 442 U.S. 1, 11 (1979). Accordingly, the Court cannot address petitioner's request for a parole reconsideration hearing.

In the remainder of his objection, petitioner makes the same arguments he made in his prior pleadings. Having carefully reviewed petitioner's objection and the case file in this matter, the Court finds, for the reasons set forth in the Report and Recommendation, that petitioner's petition for writ of habeas corpus should be dismissed.

Accordingly, upon de novo review, the Court:

(1) ADOPTS the Report and Recommendation issued by the Magistrate Judge on November 10, 2009,

(2) DENIES respondents' motion to dismiss,

(3) DISMISSES petitioner's claims involving trial error without prejudice,

(4) DISMISSES petitioner's due process and *ex post facto* claims, and

(5) GRANTS petitioner's request to amend his petition. Petitioner is to file his amended petition in this case within thirty days of the date of this Order.

**IT IS SO ORDERED this 14th day of January, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE