IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CARNEIL DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-618-M |
| | ) | |
| JIM KEITH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Report and Recommendation**

In the amended habeas petition, Mr. Davis challenges a 1975 conviction in state district court.

The Western District of Oklahoma lacks power to issue habeas relief in connection with the conviction. The conviction was issued by a state court in Ardmore, Oklahoma, which lies within the boundaries of the Eastern District of Oklahoma rather than the Western District of Oklahoma.[1] Similarly, Mr. Davis is confined in Holdenville, Oklahoma, which also lies within the Eastern District of Oklahoma.[2] In the absence of a conviction or confinement within the Western District of Oklahoma, this Court is powerless to grant habeas relief to Mr. Davis.[3]

---

[1] *See* 28 U.S.C. § 116(b).

[2] *See* 28 U.S.C. § 116(b).

[3] *See* 28 U.S.C. § 2241(a) (limiting the court's habeas authority to its "respective jurisdiction[]"); *see also Lewis v. U.S. Marshal Service*, 2007 WL 295450, Westlaw op. at 1 (W.D. Okla. Jan. 30, 2007) (unpublished op.) (holding that the Western District of Oklahoma lacked jurisdiction over the custodian in a habeas action because the petitioner had been convicted in the

In these circumstances, the Court must either dismiss the action or transfer it to the Eastern District of Oklahoma.[4] In choosing between the two, the Court can "consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed."[5] Transfer would almost certainly be futile based on expiration of the limitations period. As a result, the Court should order dismissal without prejudice rather than transfer.

Mr. Davis' conviction became final on February 3, 1977.[6] At that time, a limitations period did not exist. However, almost two decades later, Congress adopted a statute of limitations. That statute took effect on April 24, 1996.[7] Upon adoption of this statute, the Tenth Circuit Court of Appeals gave a grace-period until April 24, 1997, to state prisoners

---

Northern District of Oklahoma and was being confined in the Eastern District of Oklahoma).

[4] See 28 U.S.C. § 1631 ("Transfer to cure want of jurisdiction").

[5] *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (citation omitted).

[6] Mr. Davis states that he was convicted in 1975, but could not remember when the state appeals court upheld the conviction. Petition at pp. 1-2 (Feb. 12, 2010). The published opinion reflects a filing date of January 4, 1977. *See Davis v. State*, 558 P.2d 679 (Okla. Crim. App. 1977). Mr. Davis did not seek *certiorari*. *See* Petition at p. 2 (Feb. 12, 2010). Thus, the conviction became final upon expiration of the deadline for a *certiorari* petition in the United States Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1271-72 (10th Cir. 2001). In 1977, Mr. Davis would have had 30 days to file a *certiorari* petition once the state appeals court rendered a decision. *See* Rule 22.2, Rules of the United States Supreme Court (as amended to Jan. 1, 1977). The 30th day would have fallen on February 3, 1977.

[7] *See Serrano v. Williams*, 383 F.3d 1181, 1183 (10th Cir. 2004).

2

that had been convicted before April 24, 1996.[8] That period had expired over twelve years prior to the beginning of the present action.

The Petitioner has not suggested any facts to suggest the possibility of tolling for the 12+ years necessary to overcome the statutory time-bar.[9] As noted above, the conviction became final roughly 33 years ago.[10] In these circumstances, a "peek" at the timing should lead to dismissal without prejudice rather than transfer.[11]

The Petitioner is advised of his right to object to this report and recommendation by March 15, 2010.[12] If the Petitioner does object, he must file the objection with the Court Clerk for the United States District Court, Western District of Oklahoma. The Petitioner is further advised that if he does not timely object, he would waive his right to appellate review of the suggested ruling.[13]

This report and recommendation discharges the referral.

---

[8] *See Serrano v. Williams*, 383 F.3d 1181, 1183 (10th Cir. 2004).

[9] The Court should order dismissal based on its jurisdictional limitation rather than timeliness. *See Kilgore v. Attorney General of the State of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008) ("A petition's untimeliness must either be pled by the government as an affirmative defense, or be clear from the face of the petition itself." (citations omitted)). Nonetheless, the issue of timeliness bears on the Court's decision whether to transfer the action. *See supra* p. 2.

[10] *See supra* p. 2.

[11] If Mr. Davis believes that he can overcome the time-bar, he is free to refile the action in the Eastern District of Oklahoma. Little would be lost because Mr. Davis has not paid the filing fee in this action and the case is only two weeks old.

[12] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(d), 72(b)(2).

[13] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Entered this 26th day of February, 2010.

_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge